In re Daniel Wayne HARRIS, Debtor.

AT & T UNIVERSAL CARD SERVICES
CORP., a Delaware corporation,
Plaintiff,

v.

Daniel Wayne HARRIS, Defendant.

Bankruptcy No. 96–4739–BKC–3P7.
Adversary No. 96–587.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 14, 1997.

Lance P. Cohen, Jacksonville, FL, for Plaintiff.

Daniel Wayne Harris, Jacksonville, FL, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court on a complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2). After a trial on July 9, 1997, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Defendant is 34 years old and has a college education. Defendant has sixteen years of work experience, primarily in sales.

2. In 1993, Plaintiff issued a credit card to Defendant. From 1993 to 1996, Defen-dant used his credit card primarily for consumer purchases.

3. Plaintiff alleged that between December 1995 and March 1996, Defendant made eight purchases with his credit card, totalling $498.97. During the same period, Defendant also took seventeen cash advances, totalling $3,139.47.

4. Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 7, 1996. After receiving notice of Defendant's filing, Plaintiff revoked Defendant's credit privileges

5. On November 21, 1996, Plaintiff filed this adversary proceeding, alleging that Defendant obtained credit from the Plaintiff by false pretenses, false representation, or actual fraud. Plaintiff alleged that in contemplation of filing a bankruptcy petition, Defendant utilized his credit card to make purchases and obtain cash advances which he knew he lacked both the intent and the ability to repay. (Adv.Doc. 1). Plaintiff seeks to have the debt owed by Defendant to Plaintiff excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2).

### CONCLUSIONS OF LAW

Bankruptcy Code section 523 provides guidelines for excepting a debt from a debtor's discharge. In relevant part, the statute provides:

(a) A discharge ... does not discharge an individual debtor from any debt-

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —

(A) false pretenses, a false representation, or actual fraud

. . . . .

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,000 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title, or cash advances aggregating more than $1,000 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or

within 60 days before the order for relief under this title, are presumed to be non-dischargeable: 'luxury goods or services' do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor; an extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act.

11 U.S.C. §§ 523(a)(2)(A) and (C).

### A. 11 U.S.C. § 523(a)(2)(A)

■ The Eleventh Circuit Court of Appeals has held that a credit card issuer cannot prevail under § 523(a)(2)(A) on allegations of false pretenses or false representations if the creditor failed to revoke the credit privileges of the debtor prior to the bankruptcy filing. *First Nat'l Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983). Here, Plaintiff concedes that despite Defendant's unusual charging habits, Plaintiff did not revoke Defendant's credit privileges until after Defendant filed his Chapter 7 petition.

■ Thus, Plaintiff must prove by a preponderance of the evidence that the charges and the cash advances were procured through actual fraud. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991) (holding that the standard of proof for dischargeability actions is the preponderance of the evidence standard.).

■ "To successfully bring an action under § 523(a)(2)(A), a creditor must prove that the debtor committed 'actual fraud.'" *AT & T Universal Card Services Corp. v. Chinchilla (In re Chinchilla)*, 202 B.R. 1010, 1013 (Bankr.S.D.Fla.1996). To prove actual fraud, the Plaintiff must show the following:

(1) the defendant made materially false representations;

(2) that at the time he made them he knew that the representations were false;

(3) that he made them with the intention of deceiving the other party;

(4) that the other party relied upon those representations; and

(5) that the other party sustained damages as the proximate result of those misrepresentations.

*Household Credit Services v. Rivera (In re Rivera)*, 151 B.R. 602, 604 (Bankr.M.D.Fla. 1993).

To determine a debtor's intent regarding repayment of credit card debt, this Court and others have routinely examined the circumstances surrounding the origination of the debt. The factors considered include the following:

(1) The length of time between the charges made arid the filing of bankruptcy;

(2) whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made;

(3) the number of charges made;

(4) the amount of the charges;

(5) the financial condition of the debtor at the time the charges are made;

(6) whether the charges were above the credit limit of the account;

(7) whether the debtor made multiple charges on the same day;

(8) whether or not the debtor was employed;

(9) the financial sophistication of the debtor:

(10) whether there was sudden change in the debtor's spending habits; and

(11) whether the purchases were made for luxuries or necessities.

*Id.* at 605.

■ To determine the dischargeability of the charges made by Defendant, the Court will examine the applicable factors above. First, the charges at issue in this proceeding were made between December 1995 and March of 1996. Defendant filed his bankruptcy petition in August of 1996, five months after the charges complained of by Plaintiff. The relatively long period of time between the charges and Defendant's petition date is not indicative of fraudulent intent on the part of the Defendant.

Next Defendant testified that he consulted an attorney a few days prior to visiting a

legal clinic for help with his petition. The Court finds that no charges were made on the card after the Defendant consulted with an attorney regarding a bankruptcy filing, and this factor is not indicative of fraud.

Defendant had only eight charges in a four month period. Although Defendant did make multiple charges on some dates, neither the number nor the amount of the charges were unusual for normal credit card use. Furthermore, Defendant did not exceed the credit limit on his account.

The Defendant is not financially sophisticated, was in an unstable financial condition when the charges were made, and was between jobs. Defendant, however, did have a positive work history.

The charges made by Defendant do not indicate a sudden change in his spending habits, and no evidence suggests that they were for luxuries or necessities.

The Court finds that Plaintiff has failed to meet its burden of proving that Defendant obtained and used the credit card fraudulently, without the intent to repay the debt. Absent evidence of actual fraud, the Court finds that the charges made by Defendant are dischargeable.

### 11 U.S.C. § 523(a)(2)(C)

■ Bankruptcy Code section 523(a)(2)(C) provides that in the case of a cash advance, "a creditor is entitled to a presumption of fraud if the creditor can prove that the cash advance was for more than $1,000, it was obtained within 60 days of the bankruptcy petition, and it was an extension of a consumer credit plan[.]" *AT & T Universal Card Services Corp. v. Acker (In re Acker)*, 207 B.R. 12, 16 (Bankr.M.D.Fla.1997). If the Plaintiff meets this burden, the Defendant must then show that the debt was "not incurred in contemplation of bankruptcy, without the intent to repay." *Id.* (citing *Bank One Lafayette, N.A. v. Larisey (In re Larisey)*, 185 B.R. 877, 881 (Bankr.M.D.Fla.1995)).

■ The central inquiry under § 523(a)(2)(C) is whether the debtor intended to repay the debt, not whether the debtor incurred the debt with no ability to repay.

*Chinchilla*, 202 B.R. 1010, 1014 (Bankr. S.D.Fla.1996). *See also Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1285 (9th Cir.1996) (stating that "the central inquiry in determining whether there was a fraudulent representation is whether the card holder lacked an intent to repay at the time he made the charge.")

■ In this case, Plaintiff is not entitled to the presumption of fraud regarding the cash advances. The advances in question were made in December 1995 through March 1996. These charges were made more than sixty days prior to the petition date. Thus, Plaintiff must prove actual fraud.

The Court adopts its earlier discussion and applies it to the cash advances. The factors discussed above, when applied to the cash advances, do not indicate fraudulent intent.

■ Plaintiff argued that Defendant was insolvent at the time the transactions were made, and that his continued use of the card in an insolvent state illustrates his intent not to repay the debt. Plaintiff also argued that because Defendant used the card to purchase illegal drugs, he did not intend to repay the debt.

■ Defendant freely testified that he used the cash advances from his credit card to purchase illegal drugs. Although the purchase of the drugs is itself a criminal act, the Court finds that irrelevant to the issue before it. Simply, the Court must decide whether Defendant intended to repay the cash advances.

Defendant testified that he fully intended to repay the charges and the cash advances made on his card. The Court finds that Defendant's testimony was credible, and when combined with the other factors discussed above, illustrates that he did not fraudulently obtain or use the credit card offered by Plaintiff.

Accordingly, the Court finds that the debt owed by Defendant to the Plaintiff is dischargeable and is not excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2). The Court, will enter a judg-

ment in accordance with these findings of fact and conclusions of law.